# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE K. WRIGHT | * | |
| | * | |
| v. | * | Civil No. – JFM-15-3768 |
| | * | |
| MCCABE, WEISBERG & CONWAY, LLC | * | |

******

## MEMORANDUM

Plaintiff has brought this action against McCabe, Weisberg & Conway ("MW&C") asserting claims against MW&C for violation of the Fair Debt Collection Practices Act, violation of the Maryland Consumer Protection Act, and common law negligence. MW&C has filed a motion to dismiss. The motion will be granted.

This action arises out of a foreclosure proceeding brought against plaintiff by Laura H. G. O'Sullivan, et al. ("substitute trustees") in the Washington County Circuit Court. MW&C was hired to facilitate the matter.

The substitute trustees initiated the foreclosure action against plaintiff on December 10, 2014, after plaintiff defaulted on loan payments that were due. The substitute trustees hired a third-party auctioneer to schedule a sale of the subject property on February 25, 2015. On January 26, 2015, plaintiff filed a request for mediation with the Circuit Court in accordance with Maryland Code Ann. Real Property §7-105.1(j). The mediation hearing was scheduled to occur on March 10, 2015. When being advised of the hearing, the substitute trustees (represented by MW&C) promptly cancelled the foreclosure sale. However, the first sale advertisement had been published in a newspaper on February 5, 2015, prior to the substitute trustees being advised of the notice of mediation. According to the allegations in the complaint,

plaintiff "succumbed to the stress and anxiety caused by Defendants illegal advertisement of sale and notification of sale . . . [and] lost consciousness and struck her head."

The facts as alleged did not give rise to any claim against MW&C. Plaintiff apparently does not contest the filing of the foreclosure proceeding. Apparently, it is her contention that MW&C should not have scheduled the foreclosure sale until after she had been given the opportunity to request mediation. The contention is not well founded. Nothing in Maryland law prevents the scheduling of the foreclosure sale until after the homeowner has had an opportunity to request mediation. Moreover, a request for mediation does not mean that a mediation will automatically be held. Rather, if a homeowner is otherwise qualified, he, she or they must pay a filing fee of $50 when requesting mediation. Section 7-105.1(j)(iii).

For these reasons defendants' motion to dismiss will be granted. A separate order to that effect is being entered herewith.

Date: *March 22, 2016*

J. Frederick Motz
United States District Judge

BY _____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2016 MAR 22  PM 3:50
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
FILED